# VAN HOOK *v.* FREY.

EQUITY; LACHES; PARTIES; VENDOR'S LIEN; EQUITY PLEADING
AND PRACTICE.

1. A bill in equity seeking to have a trust declared in complainants'
favor and for a reconveyance of certain real estate conveyed
thirty years before to a husband in trust for the sole use and
benefit of his wife, who is dead, for the reason that no consid-
eration was ever paid for the conveyance, which was induced
by promises to assign an interest in certain patents, which
afterwards proved valueless, which assignment was never
made, is demurrable upon the ground of complainant's *laches.*
2. Where in such a case, it appears that a conveyance was made by
the husband in trust to secure a debt and a sale made upon de-
fault in the payment of the debt, and the purchaser thereunder
is in actual possession of the property, claiming title thereto,
the rule that the doctrine of *laches* can only be invoked by one
in possession against one out of possession, is inapplicable,
since constructive possession accompanied the vesting of title
in the husband, and, as against the complainant, the possession
of the purchaser is the possession that was transferred by the
husband with the title.
3. In such a case, the purchaser is a necessary party to the suit and
a failure to make her a party will also render the bill demur-
rable.
4. A vendor's lien in favor of the complainant, in such a suit, for the
unpaid purchase price can not be decreed, in the absence of the
purchaser as a party defendant, even if it would be proper to
grant such relief under a prayer for general relief in a bill
filed for a wholly different purpose.

No. 843. Submitted November 11, 1898. Decided December 9, 1898.

HEARING on an appeal by the complainant from a decree
sustaining a demurrer to and dismissing a bill in equity to
have a trust declared in complainants' favor and for a re-
conveyance of certain real estate. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is a suit in equity instituted in 1898, by the appel-

lant, John W. Van Hook, as complainant, against John A. Frey, John Frey, and William H. Frey, as defendants, in the Supreme Court of the District of Columbia to have a trust declared in his favor and for a reconveyance of certain real estate in the District of Columbia, which he had conveyed by a deed absolute on its face upwards of thirty years before the institution of the suit. The case comes to us on appeal from a decree rendered upon demurrer to the bill of complaint.

The facts, as stated in the bill, are substantially these. On February 2, 1867, the appellant, being then the owner of certain lots of ground in Uniontown, in this District, conveyed them by deed in fee simple for an alleged consideration of $500, to the appellee, John A. Frey, in trust for the sole use and benefit of Leona V. Frey, the wife of the latter, the same to be held by her free from the control of her husband, and for such uses and purposes as she might by writing direct. As stated in the bill of complaint, no part of the sum of $500, stated to have been the consideration for the deed, has ever been paid; nor was any equivalent for it ever received by the complainant. On March 18, 1868, the defendant, John A. Frey, trustee—whether under written authority from Leona V. Frey, or not, does not appear— conveyed the property to Henry A. Clarke and William A. Fenwick, as trustees, to secure to "The First Co-operative Building Association" of the District of Columbia the payment of a certain personal obligation of John A. Frey, in the deed mentioned, but not set forth in the bill of complaint; and under this deed of trust to Clarke and Fenwick the property appears to have been subsequently sold, and the title, so far as any passed, to have become vested in one Martha E. Allen.

Leona V. Frey died intestate about 1870, leaving her husband, John A. Frey, surviving her, and her two children, the appellees, John Frey and William H. Frey, as her heirs-at-law; and on October 13, 1890, said William H. Frey,

upon what ground does not appear, instituted a suit in eject-
ment in the Supreme Court of the District of Columbia
against Martha E. Allen, claiming that there had been no
valid conveyance of the property by John A. Frey or Leona
V. Frey, which suit was afterward brought to this court by
appeal (*Frey* v. *Allen,* 9 App. D. C. 400); with the result that
the judgment rendered therein against said William H.
Frey was affirmed, on the ground exclusively, without a
decision of any of the other questions involved, that the suit
could not be maintained during the lifetime of John A.
Frey, who, under the deed from the complainant Van Hook,
had become vested with a tenancy by the curtesy in the
property, a tenancy which the deed to Clarke and Fenwick,
trustees, had been effectual to convey to them and to cause
to be vested ultimately in the defendant to the ejectment
suit.

On October 4, 1897, after the decision of this court in the
said case of *Frey* v. *Allen,* John A. Frey, upon what ground
does not appear, instituted proceedings in ejectment in the
Supreme Court of the District of Columbia against Martha
E. Allen and her husband, Francis L. Allen; and these pro-
ceedings are stated to be now pending in that court.

This is substantially the history of the property as stated
in the bill of complaint. But it is proper to say that it is
further alleged in the bill that " Leona V. Frey had no per-
sonal knowledge of the transaction between this complainant
and said defendant, John A. Frey, of which complaint is
here made;" and that "none of the defendants nor Leona
V. Frey, deceased, have ever taken possession of said real
estate, or any part thereof, and there has been no valid con-
veyance thereof by said defendant, John A. Frey, Leona V.
Frey, her heirs, or either of them."

The bill of complaint proceeds to allege, with remarkable
indefiniteness however, that, in the year 1866, the defend-
ant, John A. Frey, who at the time was interested with
other persons in some patented devices, induced the com-

13 Ct. App.—36

plainant, Van Hook, to advance to him a large sum of money upon the assurance that he (Frey) would assign to him (Van Hook) an interest in said devices, and would attend to the development of such interest for him; but that the said defendant never assigned any such interest to him, and that the complainant believes that the patents were worthless. What connection the real estate had with this patent business is left in extraordinary obscurity. It is alleged only, that the defendant, John A. Frey, represented to the complainant that great gain would result to him (the complainant) from further advances, presumably · further advances of money; and that, so believing, he (the complainant) executed the deed of conveyance to the defendant, John A. Frey, for the benefit of Leona V. Frey, which has been mentioned. But it is nowhere stated in the bill that this conveyance was made for the purpose of raising more money; and no explanation whatever is given of the form of the conveyance, which was most extraordinary, if it was intended for any such purpose. It is alleged, however, that the deed was executed on the faith of the representations of John A. Frey as to the value of the patented devices, and that he would assign to the complainant an interest therein. And it is also alleged that quite recently the defendant, John A. Frey, has admitted that the deed had been made without consideration paid by him (Frey).

There are further allegations in the bill, not necessary to be here stated in detail, of statements made by John A. Frey to the complainant that the title to the said property had been divested out of him and Mrs. Leona V. Frey under the deed of trust to secure the building association, and of attempts by Frey to dissuade the complainant from the institution of this suit.

The prayer of the bill was for a decree declaring the title to be divested out of the defendants and to be vested in the complainant, for a reconveyance of the property to him, and for general relief.

The defendants joined in a demurrer to the bill; and for special ground of demurrer assigned the staleness of the claim, and that no cause had been shown for the intervention of a court of equity.

The Supreme Court of the District of Columbia sustained the demurrer and dismissed the bill; and from the decree of dismissal the complainant has appealed.

*Mr. George H. Lamar* for the appellant:

1. The title derived from the appellant by the appellees was acquired without consideration and through actual fraud, and the circumstances were such as to clearly establish a constructive trust in favor of the appellant. 10 Am. & Eng. Encyc. L. 4. Within what time a constructive trust will be barred must depend upon the circumstances of each case. *Michoud* v. *Girod,* 4 Howard, 503; *Prior* v. *McIntire,* 7 App. D. C. 417, and cases cited.

If the fraud is unknown to the injured party, or is concealed, or the delay is caused by the defendant, the lapse of time will not be *laches* which bar relief. Perry on Trusts, Sec. 230. This doctrine is true, even where the fact concealed is shown by the public record. *Tunstall* v. *Withers,* 14 Va. L. J. 298. Courts should be slow in applying the doctrine of *laches* when the particular circumstances of the case would seem to render it desirable that the defendant should "meet the case upon its merits." *Bryan* v. *Kales,* 134 U. S. 126.

Ordinary diligence in discovering fraud is excused "where there exists some relation of trust and confidence between the party committing the fraud and the party affected by it, rendering it a duty of the former to disclose to the latter the true state of the transaction." *Bank* v. *Harris,* 118 Mass. 147; *Wilson* v. *Ivy,* 32 Miss. 233; *Buckner* v. *Calcote,* 28 Miss. 432; *Way* v. *Cutting,* 20 N. H. 187; *Kilburn* v. *Sunderland,* 130 U. S. 505.

2. "The doctrine of *laches* can only be invoked by one in

possession against one out of possession." The question of possession is an important factor in determining whether or not the doctrine of *laches* is to apply. *Beeckman* v. *Corey,* 129 U. S. 387 ; *Boone* v. *Chiles,* 10 Pet. 177 ; *Bush* v. *Stanley,* 122 Ill. 418.

3. A case may be presented in the alternative by the complainant where both of the alternatives are cognizable by a court of equity and are not so framed as to elude any rule of court., *Lingan* v. *Henderson,* 1 Bland, 236. The deed in trust from appellant upon its face bears a consideration of $500. No part of the same has ever been paid and there has been a fresh acknowledgment. Parol evidence is admissible to establish a trust in a deed absolute on its face. Perry on Trusts, 226 ; *Hall* v. *Livingston,* 3 Del. Con. 348. There is clearly a constructive trust in favor of the appellant whereby he has a vendor's lien proper to be enforced in a court of equity. Story, Sec. 1217. Where, by analogy, the statute of limitations applies, there is no presumption of payment for twenty years. *Railroad Co.* v. *Trumble,* 51 Md. 99. After the expiration of twenty years there is simply a presumption of payment, which is not conclusive, and admission of the indebtedness takes it out of the statute by analogy and renders it enforceable. *Monton* v. *Harrison,* 1 Bland, 491.

*Mr. S. T. Thomas* for the appellee:

A court of equity will not aid a party whose application is destitute of conscience and good faith and reasonable diligence, but will discourage stale demands for the peace of society by refusing to interfere where there has been *laches* in prosecuting rights. *March* v. *Whitmore,* 21 Wall. 178 ; *Lansdale* v. *Smith,* 106 U. S. 391 ; *Norris* v. *Haggin,* 136 U. S. 386; *Mackall* v. *Casilear,* 137 U. S. 556; *Hanner* v. *Moulton,* 138 U. S. 486 ; *Hammond* v. *Hopkins,* 143 U. S. 250.

Mr. Justice MORRIS delivered the opinion of the Court:

We think that the decision of the court below was right,

and that its decree should be affirmed. The bill of complaint, as we have already intimated, is remarkably indefinite and obscure in various particulars which it ought to have been easy to state clearly, if there were merit in the complainant's claim. Two considerations, however, stand out very plain, and must suffice to dispose of the bill of complaint. One of these is the staleness of the claim; and the other is that there are not proper parties to the bill.

1. With reference to the first of these considerations, the staleness of the claim, it appears that upwards of thirty years had elapsed between the time of the execution of the deed now sought to be cancelled and the time of the institution of this suit.

Some excuse is sought to be given in the bill for this extraordinary delay, but it is so indefinite and so palpably insufficient that counsel have not even referred to it in argument; and we need not further refer to it. Reliance is placed upon the special circumstances of the case, and upon the theory "that the doctrine of *laches* can only be invoked by one in possession against one out of possession." But there are no special circumstances in this case to relieve the complainant from the exercise of due diligence. It is not apparent what fraud, if any, is charged against John A. Frey. It is very clear, from the complainant's own statement, if we assume it to be true, and supply what is now mere matter of inference, that his advances of money to Frey, and his conveyance of the property now in question, assuming that conveyance to have been made for the purpose of raising money to exploit the patented devices in which Frey was interested, were made in consideration of an interest in these devices, to be assigned to the complainant. The *gravamen* of the complaint is that the devices were worthless, and that the interest, whatever it was, was never assigned to the complainant. But it is nowhere shown or alleged that Frey, at the time of the conveyance, knew the devices to be worthless, or that he practiced any

fraud upon the complainant, or made any misrepresentation to him to induce him to make the conveyance. The case would seem to be, like a great many other. similar cases, one of great expectations not realized, and consequent dissatisfaction. It could not have been long before the alleged worthlessness of the patented devices was ascertained, for the lives of the patents must have expired long ago; and there is no excuse for the long delay thereafter in the attempt to rescind the contract, if the contract in fact had any reference whatever to the patents, which is exceedingly doubtful.

But it is argued that the doctrine of *laches* can only be invoked by one in possession against one out of possession, and that neither John A. Frey, nor Leona V. Frey, nor any of the defendants, had ever taken possession of the property, or of any part of it. But this is a misapplication or misunderstanding of the law. Constructive possession, at least, accompanied the title when the latter became vested in John A. Frey, as trustee for his wife, Leona V. Frey. That same constructive possession accompanied the title when the latter was transferred to Clarke and Fenwick, trustees; and that constructive possession seems to have become actual possession in the hands of Martha E. Allen. For the purposes of the present suit, the possession of Martha E. Allen is the possession that was transferred to John A. Frey with the title. For all we know he may have warranted the title, and may be called upon to defend it; and it does not aid the complainant's case in the slightest degree that John A. Frey and Martha E. Allen may now be in litigation in regard to the possession of the property. The cases cited by the complainant are, therefore, not applicable; and the case is plainly one where the doctrine of *laches* may well be invoked.

Not John A. Frey, but Leona V. Frey, was the real and substantial grantee in the deed of conveyance from the complainant; and her rights and those of her heirs are not to be prejudiced by the statement in the bill of complaint that

"said Leona V. Frey had no personal knowledge of the transaction between the complainant and the defendant, John A. Frey, of which complaint is made" in the bill of complaint. The transaction of which complaint is made in the bill is the alleged representation of John A. Frey to the complainant that he (Frey) would assign to the complainant an interest in some patented devices, which afterwards proved to be valueless, and which assignment John A. Frey never made. We are unable to see how this can affect the right of Leona V. Frey and her heirs to be secure in the property conveyed to her, and why she and they should not have the benefit of the doctrine of the *laches.* The very thing has happened here, the death of the principal party in interest, with the possible loss of testimony and increased difficulty of defense, which has given force and value to the doctrine of *laches;* and we think the case one wherein the doctrine is eminently applicable.

2. But there is another very important consideration suggested by the bill itself. It is shown by the bill that one Martha E. Allen is in actual possession of the property in controversy, claiming title under the deed from the complainant to John A. Frey, the deed from John A. Frey to Clarke and Fenwick, trustees, and subsequent deeds thereunder; and it is proposed to undermine and destroy the title of Martha E. Allen without making her a party to the suit. This can not be done. Equity can not sanction such a proceeding.

3. In the brief and argument on behalf of the appellant it is argued that, if he is not entitled to a re-conveyance of the property, he is at least entitled to a vendor's lien for the unpaid purchase-money. And in this connection stress seems to be laid upon the alleged recent acknowledgment of John A. Frey that no part of such consideration had ever been paid to the complainant. But this position is even less tenable than the contentions previously advanced. The acknowledgment of John A. Frey can bind no one but him-

self; it can not bind the heirs of Leona V. Frey, and they are the real parties in interest, not John A. Frey.

If it were proper to advance a claim for a vendor's lien under a prayer for general relief in a bill filed for a totally different purpose, about which it is needless here to express an opinion, certainly such a claim is inadmissible in the absence of proper parties to the suit. This claim, if allowed, would have the effect of ousting Martha E. Allen from her title and possession without giving her the opportunity of being heard in defense of her right; and this would be so manifestly unjust that a court of equity could not for a moment lend itself to the proceeding. Moreover, the claim is subject to all the objections for staleness which have already been stated as militating against the principal case sought to be made by the bill. There is even greater reason for the rejection of this claim than applies to the claim of the existence of a resulting trust, for here the principle of the statute of limitations would be directly applicable. Under no aspect of the matter can we see that the complainant has stated a case which entitles him to the aid of a court of equity.

From what we have said it follows, in our opinion, that the decree appealed from should be *affirmed, with costs. And it is so ordered.*